UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JUDITH BERGER,

        Plaintiff,

   v.                                 CASE NO. 3:09-CV-14157

                                     PROVISIONAL JURY INSTRUCTIONS


PHILIP MORRIS USA INC.,

        Defendant.

## 1. Introduction

These are instructions to help you understand the dispute between the parties, your duties as jurors, and the law applicable to the parties' claims.

The instructions are in two parts: general principles applicable to all civil trials, including your duties and responsibilities as jurors, and specific instructions about the issues in this case and what the parties must prove.

You have copies of the instructions to read as I read them orally.  Do not read ahead, as you must listen carefully to everything I say. You can write on the instructions if you wish.

As noted in my Initial Instructions, these final instructions are to control your deliberations.

2. Duty to Follow the Law and The Instructions

You must apply the instructions and the law as I give them to you. This is so, even if you personally disagree with an instruction or legal doctrine. Personal beliefs can play no role whatsoever in your decisions.

The lawyers may discuss the law during their opening statements and closing arguments. If what they say about the law differs from what I say, you must follow what I say.  What I say about the law controls.

All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other or the attorneys influence your decision in any way.

3. Note Taking/Transcripts

You have each had materials for taking notes during the trial.  You may refer to your notes during deliberations.  But do not let the juror or jurors who may appear to have taken the "best" notes control your discussion or decision.  Each of you must reach a determination based on your own understanding of the evidence in light of the law that I have given you, and, as well, on the understanding of the evidence and views of your fellow jurors.

As noted in my Initial Instructions, transcripts will not be available for your consideration during deliberations.

4. Burden of Proof - Preponderance of the Evidence

It is your duty to determine which party has proven her or its claim or claims.

The plaintiff has the burden of proving his claims.

The defendant has the burden of proving its affirmative defense.

For a party to meet the burden of proof, so that you can return a verdict for a party with the burden of proof as to an issue, you must unanimously find that the party has proven every element of the claims by either preponderance of the evidence, or clear and convincing evidence, depending on how you are instructed.

To prove a claim by a preponderance of the evidence means showing that the claim is more likely true than not true.

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

To have proven by a preponderance of the evidence means simply that the proverbial balance has tilted, however slightly, in favor of what is sought to be proved.

A different standard, clear and convincing evidence, applies to one issue in this case. I will instruct you on the applicability of that standard and its definition.  As to all other issues, the standard of proof is a preponderance of the evidence.

This is a civil case: therefore, the standard of proof applicable in criminal cases - proof beyond a reasonable doubt - is not applicable to any of your decisions in this case.

5

5. Evidence; Objections

You must make your decision based only on the evidence, that is, the testimony you have heard from the witnesses in court and exhibits introduced into evidence and which you will have with you in the jury room.

Do not let anything else influence your decision in any way. Nothing else is evidence.

Over the course of the trial the lawyers have sometimes objected to questions, answers or exhibits because they believed that the law does not permit you to hear, see, or consider the particular question, answer or exhibit.

If a lawyer has raised objections, do not hold that against the lawyer or his or her client. The lawyer was simply trying to make sure the law was followed and that the trial is fair.

If I sustained an objection, you must disregard the question, answer, or exhibit entirely. Do not wonder why the objection was made, why I ruled as I did, or what you might have learned had I not sustained the objection.

Likewise, do not speculate about what a witness who was not called to testify might have said, or what else a witness who did testify might have said, had he or she been asked additional questions.

Something that you did not hear or see, were not permitted by me to hear or see, or that I told you to disregard is not evidence.

Lawyers' statements, objections and arguments are not evidence.

Likewise, the lawyers' questions are not evidence: the evidence is, rather, what the witnesses have said in response to the lawyers' questions.

Questions I may have asked of the witnesses are not evidence: the evidence is, rather, what the witnesses said in response to my questions, as it is with regard to the lawyers' questions.

My legal rulings are not evidence. They are simply rulings on the law which you must accept and follow.  Base your verdict only on the evidence as I have defined it here and nothing else.

6. Direct and Circumstantial Evidence

Evidence consists generally of two types: direct evidence and circumstantial evidence.

You can consider each type of evidence.

Direct evidence is simply evidence - like the testimony of an eyewitness - which, if you believe it, directly proves a fact.

A witness's statement that he saw rain is direct evidence that it was raining, and you could find that it was raining if you believed the witness's statement.

Circumstantial evidence indirectly proves a fact.

If someone walked into the courtroom in wet clothes and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is for you to decide how much weight to give the evidence.  The law makes no distinction between the weight you should or can give to either one, nor is one any better evidence than the other.

You are to consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

7. Opinion Evidence

Ordinarily, a witness cannot give his or her opinion; instead, a witness can only testify about facts within his or her personal knowledge.

Under some circumstances, a witness who has special knowledge, training, or experience beyond that usually possessed by jurors can present opinion testimony.

Such witnesses are often referred to as "expert" witnesses.

You do not have to accept such testimony or find it conclusive as to the particular subject matter.

In deciding what weight to give to such testimony, consider how well qualified the witness was to give the opinion and the basis on which he or she reached the opinion.

You should give opinion testimony the weight and value you believe it should have.

Apply the same considerations you  apply to the testimony of other witnesses in determining how credible they are and how much weight to give to their testimony.

8. Credibility of Witnesses

You alone decide how credible or believable each witness is, and how much weight to give the testimony of each of the witnesses.  You can believe everything that a witness said, or only part of it, or none of it at all.  But you must act reasonably and carefully in making these decisions.

Some of the things you may consider in evaluating the credibility and weight of a witness's testimony are:

- Was the witness able to see and hear clearly, or was the witness's ability to see and hear impaired.

- Was there anything that may have affected the witness's ability to perceive or remember what he or she tells you.

- How good the witness's memory seemed to be: was the witness able to remember accurately and completely what happened.

- How did the witness act while testifying. Did he or she look like he or she was testifying truthfully.

- Did the witness have any relationship to one side or the other or anything or anyone, or anything to gain or lose from the case, that might influence his or her testimony.

- Did the witness have any bias, prejudice, or other reason for testifying that might cause the witness to testify untruthfully.

- Did the witness at any time - whether during his or her testimony or at some other time or times, say or do something different from or inconsistent with his or her testimony.

10

- How believable was the witness's testimony in light of all the other evidence: was the witness's testimony supported or contradicted by other evidence you found believable. If contradicted, what was the reason for the contradiction.

These are among the things you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability.

In deciding which witnesses to believe and how much weight to give to their testimony, use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe, and how much weight you think it deserves.

If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

9. Deposition Testimony

In this case, deposition testimony has been received in evidence.

Depositions contain sworn testimony, with counsel for each party being entitled to ask questions.

Treat deposition testimony just as you treat testimony from the witness stand.

10. Stipulations

You have heard stipulations between the parties.

A stipulation is the agreement of the parties as to the existence of a fact.

You must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact or facts as proved.

11. Outside Sources

You cannot try to find out information from other sources, such as dictionaries, books, news accounts, the internet, social media, or otherwise from anyone or anything or anywhere else other than the courtroom.

This is so for at least three reasons.

First, through the rules of evidence, the law controls what jurors can learn. This is so, so that, to the maximum extent possible, what you learn is likely to be reliable and accurate.

Second, the lawyers and parties are entitled to be aware of everything that you will be considering when you deliberate on and reach your verdict.

If you could look for or use information outside the courtroom, the lawyers and parties would have no way of knowing what you might have learned. They could not respond to or comment on it. They could not call your attention to reasons for you to disregard such information.

Third, I would not be able to tell you what you can and cannot consider, which is one of my most fundamental duties as a judge.

You must follow my instructions as to what you can and cannot consider. Failure to do so would violate your oath and deprive the parties to the fair trial to which they are entitled.

12. Number of Witnesses

Do not make any decisions based only on the number of witnesses who testified about or how many exhibits relate to a particular fact or circumstance.

Likewise, your decision on contested issues should not depend on which side called the witnesses. What matters is how believable the witnesses were and how much weight you think their testimony deserves.

13. Court's Rulings and Other Actions

Nothing I have said or done during the trial is meant to influence your decision in any way.

Do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided.  My rulings have been based on the law and rules of evidence, not on how I feel about the case.

Likewise, do not speculate on how I think the case should come out. My views are not evidence, and, to the extent that you think I have any view or opinion, you must disregard those thoughts entirely.

We each have separate duties in this trial. It is your duty - and yours alone - to decide the facts and determine whether the plaintiff has proven her claims, or whether the defendant has proven its defense, by a preponderance of the evidence.

14. Corporations

The fact that one party is a corporation does not mean it is entitled to any lesser consideration on your part.

All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

This concludes my instructions about the general rules that apply in every civil case.

I will next explain what the plaintiff must have proven to prove her claims and what the defendant must have proven to prove its defense for you to return a verdict in their favor.

15. Plaintiff's Claims

Plaintiff Judith Berger ("Mrs. Berger") asserts four different claims of wrongful conduct against the defendant Philip Morris USA Inc. ("Philip Morris"):

1.      Negligence;

2.      Strict liability;

3.      Fraudulent concealment; and

4.      Conspiracy to fraudulently conceal.

By asserting and seeking to meet her burden of proof as to each of these claims, Mrs. Berger seeks to recover both compensatory damages for all claims and punitive damages on her fraudulent concealment and conspiracy to fraudulently conceal claims from the defendant.

The following instructions relating to the plaintiff's claims and the defendant's affirmative defense describe, in sequential order, the determinations that you are to make.

You must make your findings in the order I present them in these instructions.

16. Previously Determined Findings

As a result of findings reached in earlier litigation, sometimes referred to as the "*Engle* litigation*,*" for reasons about which you should not speculate, a jury made certain factual findings, as I shall describe to you later in these instructions.

The trial that preceded the determination of those findings was of long duration, involved more parties, and included substantially more extensive testimony and exhibits than the testimony and exhibits in this case. You shall not speculate, however, about the testimony and exhibits in that trial or the basis for the findings therein that a jury reached and the Florida Supreme Court upheld.

To benefit from those findings, and for them to be applicable in this case, Mrs. Berger must prove each of the following by a preponderance of the evidence:

1.  Her chronic obstructive pulmonary disease ("COPD") manifested on or before November 21, 1996.

2.  She was addicted to cigarettes containing nicotine; and

3.  Her addiction was a legal cause of her COPD.

17. *Engle* Class Membership and Manifestation

[Instruction on manifestation to be inserted here.]

Once you unanimously determine whether Mrs. Berger has met her burden of proving by a preponderance of the evidence that her COPD manifested on or before November 21, 1996, you must answer the first question on the verdict form, which reads:

1. Did Mrs. Berger's COPD first manifest itself on or before November 21, 1996?

Yes _____          No _____

If your unanimous answer to this question is "NO," you will deliberate no further, sign the verdict form, and notify the Clerk that you have reached your verdict.

If your unanimous answer to this question is "YES," you will proceed to determine whether Mrs. Berger was addicted to cigarettes containing nicotine.

18. Addiction

[Instruction on addiction, if given, to be inserted here.]

Once you unanimously determine whether Mrs. Berger has met her burden of proving by a preponderance of the evidence that she was addicted to cigarettes containing nicotine, you must answer the second question on the verdict form, which reads:

2. Was Mrs. Berger addicted to cigarettes containing nicotine?

Yes _____          No _____

If your unanimous answer to this question is "NO," you will deliberate no further, sign the verdict form, and notify the Clerk that you have reached your verdict.

If your unanimous answer to this question is "YES," you will proceed to determine whether Mrs. Berger has proven that addiction to cigarettes containing nicotine was a "legal cause" of her COPD.

To meet her burden of proving her addiction was a "legal cause" of her COPD, Mrs. Berger must have proven by a preponderance of the evidence that:

Her addiction directly and in natural and continuous sequence produced or contributed substantially to producing her COPD, so that it reasonably can be said that, but for her addiction, her COPD would not have occurred.

21

To be a legal cause of Mrs. Berger's COPD, her addiction need not be the only cause. Addiction may be a legal cause of her COPD even though her addiction operated in combination with either the act of another, some natural cause, or other cause, if her addiction contributed substantially to produce her COPD.

On reaching a unanimous decision as to this issue, you must answer the third question on the verdict form, which reads:

3. Was Mrs. Berger's addiction to cigarettes containing nicotine a legal cause of her COPD?

Yes _____          No _____

If your unanimous answer to this question is "NO," you will deliberate no further, sign the verdict form, and notify the Clerk that you have reached your verdict.

If your unanimous answer to this question is "YES," you will next proceed to determine whether Mrs. Berger has proven that smoking cigarettes containing nicotine manufactured by the defendant was a legal cause of Mrs. Berger's COPD.

19. Defendant's Cigarettes a Legal Cause

Mrs. Berger has the burden of proving by a preponderance of the evidence that smoking cigarettes containing nicotine manufactured by the defendant was a legal cause of her COPD.

To meet her burden of proving smoking cigarettes containing nicotine manufactured the defendant was a "legal cause" of her COPD, Mrs. Berger must have proven by a preponderance of the evidence that:

> Smoking cigarettes containing nicotine manufactured by the defendant directly and in natural and continuous sequence produced or contributed substantially to producing her COPD, so that it reasonably can be said that, but for her smoking those cigarettes, her COPD would not have occurred.

> To be a legal cause of Mrs. Berger's COPD, smoking those cigarettes need not be the only cause. Smoking those cigarettes may be a legal cause of her COPD even though her smoking those cigarettes operated in combination with either the act of another, some natural cause, or other cause, if her smoking those cigarettes contributed substantially to produce her COPD.

On reaching a unanimous decision as to this issue, you must answer the fourth question on the verdict form, which reads:

4. Was Mrs. Berger's smoking cigarettes containing nicotine manufactured by Philip Morris a legal cause of her COPD?

Yes _____            No _____

If you answer "NO" in Question 4, you will deliberate no further, sign the verdict form, and notify the Clerk that you have reached your verdict.

23

If you answer "YES" in Question 4, you will proceed to Question 5.

20. *Engle* Class Findings

If you have answered Questions 1, 2, and 3 in the affirmative, and have also found in

Question 4 that the defendant's manufactured cigarettes containing nicotine smoked by Mrs.

Berger were a legal cause of her COPD, I instruct you that in your further deliberations you must

apply the following findings, which were made in the *Engle* litigation.  You must give these

findings the same conclusive weight you would give them if you had decided them unanimously

yourselves.

These "*Engle* Class" findings are:

1.   Philip Morris was negligent.

2.   Philip Morris placed cigarettes on the market that were defective and

   unreasonably dangerous.

3.   Philip Morris and others concealed or omitted material information, not otherwise

   known or available, knowing that the concealed or omitted information was false

   or misleading, or failed to disclose a material fact concerning the health effects or

   addictive nature of smoking cigarettes, or both.

4.   Philip Morris and others agreed to conceal or omit material information regarding

   the health effects of cigarettes or their addictive nature with the intention that

   smokers in the public would be unable to rely on the concealed or omitted

   information to their detriment.

5.   The nicotine in cigarettes is addictive.

6.    Smoking cigarettes causes COPD and other diseases.

These findings, though determinative of the matters to which they relate, did not determine, and they do not mean, with regard to the defendant in this case, whether Philip Morris is liable to Mrs. Berger.  Whether the company is liable to Mrs. Berger remains an issue for your sole determination based on the evidence in the case and my instructions on the law.

Second, these findings establish only what they expressly state: you must not speculate about the basis for the findings.

21. Cigarette Manufacturing Legal; Cigarette Manufacturers
Can be Held Liable for Damages Cigarettes Cause


It was, and still is legal to manufacture, sell, and advertise for the sale of cigarettes.

Nonetheless, if Mrs. Berger has met her burden of proof as to one or more of her claims,

she may be entitled to recover damages against the defendant.

22. Plaintiff's Claims: Negligence and Strict Liability

Mrs. Berger's first claim is that Philip Morris was negligent in their manufacture and sale of cigarettes containing nicotine.

Mrs. Berger's second claim is that Philip Morris is strictly liable for having marketed cigarettes containing nicotine that were defective and unreasonably dangerous.

In light of Instruction 20 (*Engle* Class Findings) and findings #1 (as to negligence) and #2 (as to strict liability) in that instruction, you must accept the findings that Philip Morris was negligent and is strictly liable to Mrs. Berger.

To find the defendant liable to Mrs. Berger for damages, you must find that she has met her burden of proof as to any damages.

23. Defendant's Affirmative Defense:
Mrs. Berger's Conduct a Legal Cause
of her COPD

You must then consider, as to negligence and strict liability, the extent to which Mrs. Berger's conduct was a legal cause of her injury.  Philip Morris has the burden of proving the degree to which Mrs. Berger was at fault.

Allocating a percentage of responsibility to Mrs. Berger will not necessarily prevent her from recovering compensatory damages on her negligence and strict liability claims.

Your allocation of responsibility between the parties, which you are to undertake only with regard to her negligence and strict liability claims, may reduce the amount of her recovery as to those claims.

So, to show how this works, and using a number just to illustrate it, assume that you found that Mrs. Berger was 50% responsible for own injury, you would fill in that percentage as your finding on the verdict form.  Such a finding would not prevent Mrs. Berger from recovering; the Court will prepare the judgment to be entered and will reduce Mrs. Berger's total damages on her negligence and strict liability claims. Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all.

If, in my example, you were to allocate 50% to Mrs. Berger, you would then allocate the remaining 50% to the defendant.

On reaching a unanimous decision as to this issue, you must answer the fifth question on the verdict form, which reads:


5.  What percentage of responsibility that was a legal cause of Mrs. Berger's COPD do you allocate to the parties?

Philip Morris:                      _____ %

Mrs. Berger:                       _____ %

**Total:**                       **  100 %**


After answering Question 5, proceed to Question 6.

24. Mrs. Berger's Claims: Fraudulent Concealment

Mrs. Berger's third claim is for fraudulent concealment.

In light of Instruction 20 and finding #3 (fraudulent concealment), you must accept the finding, if Mrs. Berger has met her burden of proof in Questions 1-4, that Philip Morris and others concealed or omitted material information, not otherwise known or available, knowing that the concealed or omitted information was false or misleading, or failed to disclose a material fact concerning the health effects or addictive nature of smoking cigarettes, or both.

For you to award damages to Mrs. Berger as to her claim of fraudulent concealment, you must unanimously find that she relied to her detriment on the representations that the defendant in fact made about the health effects and addictive nature of smoking.

To meet her burden of proving that she relied to her detriment on the representations the defendant was in fact making about the health effects and addictive nature of smoking cigarettes, Mrs. Berger must have proven by a preponderance of the evidence that both:

1.     She relied to her detriment on the incomplete representations the defendant in fact was making about the health effects and addictive nature of smoking cigarettes; and

2.     Her reliance on the incomplete representations that the defendant made about the health effects or addictive nature of smoking cigarettes was a legal cause of her COPD.

31

Mrs. Berger could have relied on the representations the defendant in fact made, even though their falsity, due to their incompleteness, could have been discovered had she made an investigation.

Mrs. Berger could not have relied, however, if she knew the representations the defendant was in fact making, due to their incompleteness, were false or the falsity was obvious to her.

So, you will first be asked in the sixth question on your verdict form:

6.   Did Mrs. Berger rely to her detriment on the incomplete representations Philip Morris in fact was making about the health and addictive effects of smoking cigarettes?

Yes _____                      No _____

If you answer "NO" to Question 6, proceed directly to Question 9.

If you answer "YES" to Question 6, you will then proceed to Question 7 to consider whether Mrs. Berger's reliance was a legal cause of her COPD.

Turning to legal cause – for the defendant's concealment or omission of material information to be a legal cause of Mrs. Berger's COPD, you must unanimously find:

The defendant's concealment or omission of material information directly and in natural and continuous sequence produced or contributed substantially to producing her COPD, so that it reasonably can be said that, but for the concealment or omission of material information, her COPD would not have occurred.

32

To be a legal cause of Mrs. Berger's COPD, the defendant's concealment or omission of material information need not be the only cause. Concealment or omission of material facts may be a legal cause of her COPD even though the concealment or omission of material information operated in combination with either the act of another, some natural cause, or other cause, if the concealment or omission of material information contributed substantially to produce her COPD.

Accordingly, the seventh question on your verdict form will read:

7.   Please state whether Mrs. Berger's reliance on the incomplete representations made

by Philip Morris about the health effects or addictive nature of smoking cigarettes, was a

legal cause of her COPD:

Yes _____          No _____

If you answer "NO" to Question 7, please skip Question 8 and proceed directly to Question 9.

If you answer "YES" to Question 7, please proceed to Question 8.

25. Date of Concealment or
Omission of Material Information

To prevail on her claim of fraudulent concealment, Mrs. Berger must have proven the

date interval in which the defendant fraudulently concealed or omitted material information.

Mrs. Berger has the burden of proving each of these issues by a preponderance of the

evidence.

On reaching a unanimous decision as to these issues, you must answer the eighth

question on the verdict form, which reads:

8. When did the incomplete representations by Philip Morris, upon which Mrs. Berger

relied, occur?

To answer this question , you must select one of the following:

Before May 5, 1982 only                    _____

On or after May 5, 1982 only               _____

Both before and on or after May 5, 1982    _____

Upon reaching a unanimous decision as to these issues, you shall proceed to consider

Mrs. Berger's claim of conspiracy to fraudulently conceal or omit material information.

26. Mrs. Berger's Claims:
Conspiracy to Commit Fraudulent Concealment

Mrs. Berger's fourth claim is for conspiracy to commit fraudulent concealment.

A conspiracy is an agreement between two or more entities to do a wrongful act, such as concealing or omitting material information.

Where a plaintiff has met her burden of proving the existence of a conspiracy, each party to the conspiracy is as responsible for the acts or omissions of any other party as if that party had committed those acts itself, provided that the acts or omissions were in furtherance of the conspiracy. The responsibility of each party to a conspiracy for the acts of every other party continues throughout the existence of the conspiracy.

As I instructed you in Instruction 20, Philip Morris and others agreed to conceal or omit information regarding the health effects of cigarettes or their addictive nature with the intention that smokers and the public would rely on the representations to their detriment. You must, if Mrs. Berger has met her burden of proof on Questions 1-4, accept that determination.

To prove her claim of conspiracy to fraudulently conceal or omit material information, Mrs. Berger must have proven by a preponderance of the evidence:

1. Mrs. Berger relied to her detriment on an act by the defendant, or someone for whose conduct the defendant was responsible;

2. The act or acts on which Mrs. Berger relied was or were done in furtherance of an agreement to conceal or omit material information from its representations regarding the health effects or addictive nature of smoking cigarettes;

3. The concealment or omission had the effect of making those representations false or misleading; and

4. Her reliance was a legal cause of Mrs. Berger's COPD.

So, the ninth question will ask:

9.   Did Mrs. Berger rely to her detriment on an act or acts by Philip Morris, or someone for whose conduct Philip Morris was responsible, done in furtherance of an agreement to conceal or omit material information from its representations regarding the health effects or addictive nature of smoking cigarettes?

Yes _____          No _____

If you answer "NO" to Question 9, proceed directly to Question 12.

If you answer "YES" to Question 9, you will then proceed to Question 10 to consider whether Mrs. Berger's  reliance on the conspiracy was a legal cause of her COPD.

For a conspiratorial act of concealment or omission of material information to be a legal cause of Mrs. Berger's COPD, you must unanimously find :

The conspiratorial act of concealment or omission of material information directly and in natural and continuous sequence produced or contributed substantially to producing Mrs. Berger's COPD, so that it reasonably can be said that, but for the concealment or omission of material information, her COPD would not have occurred.

36

Case 3:09-cv-14157-WGY-HTS   Document 37   Filed 08/06/14   Page 37 of 45 PageID 2436

To be a legal cause of Mrs. Berger's COPD, the conspiratorial act of concealment or omission of material information need not be the only cause. Conspiratorial acts of concealment or omission of material facts may be a legal cause of her COPD even though the conspiratorial act of concealment or omission of material information operated in combination with either the act of another, some natural cause, or other cause, if the conspiratorial act of concealment or omission of material information contributed substantially to produce her COPD.

Mrs. Berger could have relied on the representations the defendant in fact made, even though their falsity, due to their incompleteness, could have been discovered had she made an investigation.

Mrs. Berger could not have relied, however, if she knew the representations the defendant was in fact making, due to their incompleteness, were false or the falsity was obvious to her.

On reaching a unanimous decision as to this issue, you must answer the tenth question on the verdict form, which reads:

10.   Please state whether Mrs. Berger's reliance on an act or acts by Philip Morris, or someone for whose conduct Philip Morris was responsible, done in furtherance of an agreement to conceal or omit material information from its representations regarding the health effects or addictive nature of smoking cigarettes, was a legal cause of her COPD:

Yes _____          No _____

If you answer "NO" to Question 10, please skip Question 11 and proceed directly to Question 12.

If you answer "YES" to Question 10, please proceed to Question 11.

27. Date of Act(s) in Furtherance of Conspiracy
to Commit Fraudulent Concealment

To prevail on her claim of conspiracy to commit fraudulent concealment, Mrs. Berger must have proven the date interval in which the conspiratorial act or acts in furtherance of the conspiracy to fraudulently conceal or omit material information occurred.

Mrs. Berger has the burden of proving each of these issues by a preponderance of the evidence.

On reaching a unanimous decision as to these issues, you must answer the eleventh question on the verdict form, which reads:

11.  When did the act or acts in furtherance of a conspiracy to commit fraudulent concealment, upon which Mrs. Berger relied, occur?

To answer this question , you must select one of the following:

Before May 5, 1982 only                              _____

On or after May 5, 1982 only                        _____

Both before and on or after May 5, 1982        _____

After answering Question 11, please proceed to Question 12.

28. Compensatory Damages

If your verdict is for Philip Morris on all Mrs. Berger's claims, you will not consider the issue of damages.

If you have found for Mrs. Berger on one or more of her claims, you will then consider the total amount of the damages which you unanimously find she has proven by a preponderance of the evidence.

You should consider the following elements of damage, and no others, sustained as a result of Mrs. Berger's COPD: her bodily injury and resulting pain and suffering, disability, mental anguish, inconvenience, and loss of capacity for the enjoyment of life in the past and in the future, reasonable expenses or value of hospitalization and medical and nursing care and treatment necessarily or reasonably obtained by Mrs. Berger in the past, and also her loss of ability to earn money sustained in the past and any such loss in the future.

The defendant, if liable, is responsible for all elements of damages that its conduct legally caused, even if some of Mrs. Berger's injuries were not foreseeable to the defendant or arose because she was unusually susceptible to being injured.

In considering the issue of Mrs. Berger's damages, if any, you are to assess, in accordance with my instructions above, the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all damages for which Mrs. Berger is entitled --  no more and no less.

Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Philip Morris.

39

Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable. On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - tangible and intangible.

In determining the total amount to award to Mrs. Berger as compensatory damages, make no reduction or adjustment based on the percentages of fault you have attributed to the parties in your answer to Question 5.  I will make and apply those calculations in entering a judgment based on your verdict as required by law.

Once you have reached your unanimous determination of the total damages, if any, to which you find Mrs. Berger is entitled, answer Question 12, which reads:

12.  Please state the total amount of compensatory damages, if any, that Mrs. Berger is entitled to:

TOTAL   $ _____

Of course, the fact that I have given you instructions concerning the issue of damages should not be interpreted in any way as an indication that I believe that Mrs. Berger should, or should not, prevail in this case.

29. Punitive Damages

Now, there is an additional claim in the case that you must decide.  If you find for Mrs. Berger and against the defendant on her fraudulent concealment claim or her conspiracy to fraudulently conceal claim, you must then decide whether in addition to compensatory damages, punitive damages are warranted on either or both of those claims as punishment to the defendant and as a deterrent to others.

The trial of the punitive damages issue is divided into two parts.  In the first part, you will decide whether the conduct of the defendant is such that punitive damages are warranted.  If you decide that punitive damages are warranted under the law, we will proceed after you return your verdict in this first part of the trial, to the second part of that issue during which the parties may present additional evidence and argument on the issue of punitive damages.  I will then give you additional instructions, after which you will decide the amount of punitive damages.

Punitive damages are warranted against the defendant if you find by "clear and convincing evidence" that, with respect to Mrs. Berger's claims for fraudulent concealment or conspiracy to fraudulently conceal:

(1) the fraudulent conduct by the defendant causing Mrs. Berger's COPD was so gross and flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effects of such conduct; or

(2) the fraudulent conduct by the defendant showed such an entire lack of care that the defendant must have been consciously indifferent to the consequences; or

41

(3) the fraudulent conduct by the defendant showed such an entire lack of care that the

defendant must have wantonly or recklessly disregarded the safety and welfare of the

public; or

(4) the fraudulent conduct by the defendant showed such reckless indifference to the

rights of others as to be equivalent to an intentional violation of those rights.

"Clear and convincing evidence" differs from a "preponderance of the evidence."  As I

have already instructed you, "preponderance of the evidence" means an amount of evidence that

is enough to persuade you that a claim or contention is more likely true than not true.  In contrast,

"clear and convincing evidence" is evidence that is more compelling and persuasive.  It is

evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm

belief or conviction without hesitation about the matter in issue.

If you find for Mrs. Berger and against the defendant, and you also find that clear and

convincing evidence shows that the fraudulent conduct of the defendant was a substantial cause

of Mrs. Berger's COPD and that such conduct warrants punitive damages under the standards I

have given you, then in your discretion you may determine that punitive damages are warranted

against the defendant.

So, the thirteenth question will read:

13.  Please state whether you find by clear and convincing evidence that punitive damages

are warranted against Philip Morris under the circumstances of this case:

Yes_____            No_____

**** Remember, you must have answered "YES" in either Question 7 <u>OR</u> Question 10 in order

to find punitive damages against the defendant.****

30. Unanimity

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.

While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember that in a very real way you are judges-judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

31. Administrative Matters

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared here.  You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the courtroom security officer who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at any time.