# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

Judith Berger,

              Plaintiff,                           Case No. 3:09-cv-14157

          v.                                     **ORDER**

Philip Morris USA, Inc.

              Defendant.

Carr, D.J.[1]

      This is an "*Engle*-progeny"[2] suit by Plaintiff Judith Berger ("Mrs. Berger"), a former smoker of cigarettes, against the manufacturer of those cigarettes, Defendant Philip Morris USA, Inc. ("PMUSA"). Following trial, the jury returned a compensatory damages verdict of $6.25 million (with a 40% comparative fault finding) and an award of $20,000,760.14 in punitive damages based upon Mrs. Berger's fraud and conspiracy claims. (Doc. 92). I subsequently

---

[1] Senior U.S. District Judge, N.D. Ohio, sitting by designation.

[2] I refer to the cases filed pursuant to the Florida Supreme Court's opinion in *Engle v. Liggett Group, Inc.* (*Engle III*), 945 So. 2d 1246 (Fla. 2006), as "*Engle*-progeny cases." There, the Court decertified a statewide class of smokers and their survivors, but allowed members of the decertified class one year in which to file individual lawsuits, referred to as "the *Engle* savings period." *Id. at* 1277. For a detailed history of the *Engle* litigation, *see Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1326-29 (11th Cir. 2010) and *Waggoner v. R.J. Reynolds Tobacco Co.*, 835 F. Supp. 2d 1244 (M.D. Fla. 2011). I presume the reader's familiarity with the *Engle*-progeny litigation.

granted PMUSA's motion for judgment as a matter of law (Doc. 136), holding that the jury's verdict on Mrs. Berger's fraudulent concealment and conspiracy to fraudulently conceal claims was not supported by sufficient evidence.  (Doc. 155).

Pending is Mrs. Berger's motion for reconsideration of that Order (Doc. 160), PMUSA's response in opposition (Doc. 161), Mrs. Berger's reply (Doc. 165), and PMUSA's sur-reply (Doc. 167).  Supplemental authority was also filed.  (Docs. 163-64, 169, 170.)  For the reasons that follow, I deny Mrs. Berger's motion (Doc. 160).

## I. Standard

"Reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' " *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T-24-TGW, 2010 WL 3062420, at *3 (M.D. Fla. Aug. 4, 2010) (quoting *Int'l Union of Painters v. Argyros*, No. 5-cv-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007)).  A Rule 59 motion "does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.' " *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).  Moreover, in determining whether reconsideration is warranted, only three circumstances justify reconsideration: (1) a change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice.  *See Wi-Lan, Inc. v. HTC Corp.*, 951 F. Supp. 2d 1291, 1291 (M.D. Fla. 2013); *Argyros*, 2007 WL 1577840, at *1.

## II. Discussion

Upon review of the subject motion, the parties briefing, and my prior Order, I do not find

reconsideration to be warranted.  Mrs. Berger raises several arguments, but principally contends that I erred by not applying *R.J. Reynolds Tobacco Co. v. Martin* ("*Martin*") in addressing the sufficiency of evidence propounded by Mrs. Berger.  *See* 53 So. 3d 1060 (Fla. 1st DCA 2010). Mrs. Berger also argues that I erred by disregarding *Martin* as it substantively informs Florida law, and that more than enough evidence existed at trial for the jury to find reliance.

Mrs. Berger's motion, however, contorts my analysis of *Martin* in the subject Order. Rather than disregard *Martin*, the discussion of *Martin*'s application squarely focused on Mrs. Berger's application of *Martin*,[3] which appeared to suggest that notwithstanding federal sufficiency of evidence law, *Martin* somehow compelled the conclusion that the inferences supporting the jury's verdict were automatic or otherwise *per se* reasonable.  *See Berger*, 2015 WL 1865757 at *8 ("To allow a finding of detrimental reliance to *necessarily follow* from nothing more than generic evidence of PM USA's general conduct would be to deny the very essence of Engle III and Douglas.") (emphasis added).  As I expressly stated, "I am not convinced *Martin* itself intended to stand for the proposition advanced by Mrs. Berger . . . [but] [r]ather . . . a pledge of allegiance to the power of properly applied, rational, circumstantial evidence."[4]  *Id.* at *7 n.7.

Indeed, the proposition that *Martin* allows for reasonable inferences to be drawn from

---

[3] This qualification was repeatedly emphasized throughout.  *See, e.g.*, *Berger v. Philip Morris USA, Inc.*, No. 3:09-cv-14157, 2015 WL 1865757, at *7-9 (M.D. Fla. Apr. 23, 2015) (using phrases like, "as Mrs. Berger contends," "to the extent proposed by Mrs. Berger," "I am not convinced *Martin* itself intended to stand for the proposition advanced by Mrs. Berger," and "[a]n adherence to *Martin*, if construed as Mrs. Berger submits . . .").

[4] The recent opinion of the Florida District Court of Appeal in <u>Evers v. R.J. Reynolds Tobacco Co.</u>, approving of <u>Martin</u>, does not persuade me to alter my analysis. (<u>See</u> Doc. 160-1.)

circumstantial evidence is rather unremarkable in light of the federal standard, which, as Mrs.

Berger concedes, is no more or less restrictive.  *See Daniels v. Twin Oaks Nursing Home*, 692

F.2d 1321, 1326 (11th Cir. 1982).  I thus agree with PMUSA that the essence of Mrs. Berger's

objection takes issue not with the sufficiency of evidence standard utilized, which Mrs. Berger

admits is identical under federal and Florida law, but rather with the outcome    that being, my

determination that an inference of reliance is not reasonable in light of Mrs. Berger's testimony.

I decline to revisit the merits of this determination, as the appropriate forum for its review is on

appeal, not by motion for reconsideration.  *See Wi-Lan, Inc*., 951 F. Supp. 2d at 1291; *Argyros*,

2007 WL 1577840, at *1.

### III. Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT

1.     Mrs. Berger's motion (Doc. 160) is DENIED. Mrs. Berger's accompanying

       request for oral argument is DENIED.

2.     The stay previously entered in this case is lifted. The Clerk is directed to enter

       final judgment consistent with the April 23, 2015 Order (Doc. 155).


/s/ James G. Carr
Sr. U.S. District Judge

4