UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Judith Berger,

      Plaintiff,                              Case No.:      3:09-cv-14157

v.                                                **ORDER**

Philip Morris USA, Inc.,

      Defendant.

Carr, D.J. [1]

This is an "*Engle*-progeny"[2] lawsuit by Plaintiff Judith Berger ("Mrs. Berger"), a former smoker of cigarettes, against the manufacturer of those cigarettes, Defendant Philip Morris USA, Inc. ("PM USA"). The matter is before me on PM USA's two remaining tolling motions. The first is "Defendant's Motion for New Trial or in the Alternative Remittitur." (Doc. 139). The second is Defendant's "Motion to Amend the Judgment to Apply Credit for Guaranteed Sum in Accordance with Stipulation." (Doc. 140).

For the reasons that follow, I deny both motions.

---

[1]    Senior U.S. District Judge, N.D. Ohio, sitting by designation.

[2]    I refer to the cases filed pursuant to the Florida Supreme Court's opinion in *Engle v. Liggett Group, Inc.*, 945 So. 2d 1246 (Fla. 2006) (*Engle III*), as "*Engle*-progeny cases." There, the Court decertified a statewide class of smokers and their survivors, but allowed members of the decertified class one year in which to file individual lawsuits, referred to as "the *Engle* savings period." *Id.* at 1277. For a detailed history of the *Engle* litigation, see *Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1326-29 (11th Cir. 2010), and *Waggoner v. R.J. Reynolds Tobacco Co.*, 835 F. Supp. 2d 1244 (M.D. Fla. 2011). I presume the reader's familiarity with the *Engle*-progeny litigation.

1

### I. PM USA's Motion for New Trial or in the Alternative Remittitur (Doc. 139)

PM USA moves to reduce both Mrs. Berger's compensatory and punitive damages awards. (Doc. 139). PM USA contends that the awards are so excessive that they indicate passion or prejudice.

At trial, the jury returned a verdict for Mrs. Berger on her claims of negligence, strict liability, fraudulent concealment, and conspiracy-to-conceal. (Doc. 92). Although Mrs. Berger requested $10 million in compensatory damages (Doc. 125 at 70), the jury awarded $6.25 million instead. (Doc. 92 at 4). The jury also apportioned 40% of the fault to Mrs. Berger (*id.* at 2), thereby reducing her compensatory recovery to $3.75 million.

Regarding punitive damages, I permitted the jury to consider whether to award such damages only with respect to Mrs. Berger's fraudulent concealment and conspiracy-to-conceal claims.[3] (Doc. 127 at 39-40).[4] Following a separate trial on punitive damages, the jury awarded such damages in the amount of $20,760,000.14. (*See* Doc. 100).

I later granted PM USA judgment for want of proof as a matter of law on the fraudulent concealment and conspiracy-to-conceal claims. (Doc. 155). Consequently, I vacated the punitive damages award, so no such award is pending. (*Id.* at 27, ¶ 2). That moots PM USA's argument that the punitive damages award is excessive. PM USA can renew its argument if I grant Mrs. Berger's pending Rule 60(b) motion (Doc. 190) and a punitive damage award thereafter ultimately results.

---

[3] At the time, this was consistent with the opinion of Florida's First District Court of Appeal in *Soffer v. R.J. Reynolds Tobacco Co.*, 106 So. 3d 456 (Fla. 1st DCA 2012). The Florida Supreme Court overturned that opinion in *Soffer v. R.J. Reynolds Tobacco Co.*, — So. 3d —, 2016 WL 1065605 (Fla. 2016), and a Rule 60(b) motion is pending before me on that basis. (Doc. 190).

[4] Unless otherwise noted, I cite to the page number electronically designated by the CM/ECF system.

As for reducing the compensatory damages award, "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party… after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court…" Fed. R. Civ. P. 59(a)(1), (a)(1)(A). Whether to grant a new trial or remittitur on the grounds of excessive damages is a matter within the sound discretion of the district court. *Simon v. Shearson Lehman Bros., Inc.,* 895 F.2d 1304, 1310 (11th Cir. 1990). In a diversity case, the court looks to state substantive law to determine whether the verdict is excessive. *See Roboserve, Ltd. v. Tom's Foods, Inc.,* 940 F.2d 1441, 1446 (11th Cir. 1991). Motions for remittitur under Florida law are governed by statute, which provides as follows:

> In determining whether an award is excessive or inadequate in light of the facts and circumstances presented to the trier of fact and in determining the amount, if any, that such award exceeds a reasonable range of damages or is inadequate, the court shall consider the following criteria:
>
> (a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact;
>
> (b) Whether it appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amounts of damages recoverable;
>
> (c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation and conjecture;
>
> (d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered; and
>
> (e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

Fla. Stat. § 768.74(5). *See Normius v. Eckerd Corp.,* 813 So.2d 985, 988 (Fla. 2d DCA 2002) (quoting *Bould v. Touchette,* 349 So.2d 1181, 1184–85 (Fla.1977)) ("The verdict should not be disturbed unless it is so inordinately large as obviously to exceed the maximum limit of a reasonable range within which the jury may properly operate." .

I must remember that where damages for pain and suffering are involved, I should be deferential to "the enlightened conscience of the jury" because these kinds of damages are "even further removed from exact calculation and certain measurement." *Braddock v. Seaboard A.L.R. Co.*, 80 So. 2d 662, 668 (Fla. 1955); *see also Angrand v. Key*, 657 So. 2d 1146, 1149 (Fla. 1995).

In consideration of the foregoing, I do not find that the jury's compensatory damages award was excessive. The award does not shock my conscience. The compensatory damages included a component for pain and suffering, which defies an objective measure. Having heard testimony from Mrs. Berger and her doctors about the effects of chronic obstructive pulmonary disorder ("COPD"), the jury could reasonably have awarded significant damages for pain and suffering.

Moreover, the award was not out of line with compensatory damage awards in other tobacco tort cases. (*See* Doc. 146 at 10-12). PM USA quarrels with the wisdom of some of those damages awards (Doc. 148 at 3-4), but I do not find it appropriate to second-guess the wisdom my colleagues on the state bench who upheld those awards. Moreover, the jury declined to award Mrs. Berger the full amount of compensatory damages she requested. Whereas Mrs. Berger requested $10 million in damages, the jury awarded $6.25 million, or five eighths of the requested figure. The jury further reduced that award by finding that Mrs. Berger was 40% comparatively at fault. This does not reflect that the jury was influenced by passion or prejudice. Accordingly, I deny PM USA's "Motion for New Trial or in the Alternative Remittitur" (Doc. 139).

## II. PM USA's "Motion to Amend the Judgment to Apply Credit for Guaranteed Sum in Accordance with Stipulation" (Doc. 140)

Finally, PM USA argues that the punitive damages award should be reduced on account of a stipulation it purportedly entered into with *Engle* class members in 2000. Because I have vacated the punitive damages award (Doc. 155 at 27, ¶ 2), and no such award is pending, this argument is moot. PM USA may renew its argument if I grant Mrs. Berger's Rule 60(b) motion and a punitive damages ultimately results.

### III. Further Proceedings

As this Order resolves the last of the three tolling motions identified in the Eleventh Circuit's letter suspending the notice of appeal (Doc. 190, Ex.1), PM USA's notice of appeal (Doc. 176) will now be unsuspended, and jurisdiction will vest again in the appellate court. Fed. R. App. P. 4(a)(4)(B); *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 745-46 (11th Cir. 2013). Because Mrs. Berger filed her Rule 60(b) motion more than twenty-eight days after I entered judgment, it is not a tolling motion, and it will not prevent the court of appeals from reassuming jurisdiction. *See* Fed. R. App. P. 4(a)(4)(A)(vi); *Goode v. Wild Wing Cafe*, 588 F. App'x 870, 873 (11th Cir. 2014) (citing *Am. Mfrs. Mut. Ins. Co. v. Edward D. Stone, Jr. & Assoc.,* 743 F.2d 1519, 1522 (11th Cir.1984)).

Nevertheless, I retain jurisdiction to consider Mrs. Berger's Rule 60(b) motion, and to take one of two actions. *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003). I can either: (a) deny the motion, or (b) indicate my "belief that the arguments raised are meritorious." *Id.* If I "select[ ] the latter course, the movant may then petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion." *Id.* Accordingly, I will hear oral arguments on Mrs. Berger's Rule 60(b) motion on May 10, 2016, as scheduled (Doc. 187), and thereafter issue a decision, keeping the aforementioned constraints in mind.

### IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT

1. Defendant's "Motion for New Trial or in the Alternative Remittitur" (Doc. 139) be, and the same hereby is denied; and

2. Defendant's "Motion to Amend the Judgment to Apply Credit for Guaranteed Sum in Accordance with Stipulation" (Doc. 140) be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge